IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01950-RMR-MEH

MARIA ORMS,

    Plaintiff,
v.

VERIZON, INC.,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before this Court is Defendant's Motion for Protective Order (ECF 18) which is now ripe for review. Plaintiff disputes several terms of the protective order that Defendant proposes. This Court addresses them in turn below. This Court also includes for comparison the model Stipulated Protective Order that District Judge Kane drafted and which Defendant provides at ECF 23-2. This Court also considers two stipulated protective orders that other litigants recently submitted in two employment-related lawsuits. They are found at ECF 23-1 in *Zimmerman v. Yeoman Asset Mmgt, LLC*, 22-cv-01768-WJM-MEH (D. Colo.) and ECF 23 in *Prince v. Colo. Plains Physician Practices, LLC*, 22-cv-01022-MEH (D. Colo.).

    (1)    Plaintiff objects to the inclusion of trade secrets as a covered category of documents. Indeed, Defendant's proposed protective order goes further to include *any* "confidential, and/or proprietary information of Defendant not publicly available" within its scope. ECF 21 at 2, ¶ 3. Plaintiff doubts the need for trade secret protection in an employment dispute. While the *Zimmerman* protective order includes trade secrets within its scope (ECF 23-1 at ¶ 3),

the *Prince* protective order does not. District Judge Kane's version instructs parties to "[e]nter *precise* categories of data (materials) sought to be protected and [the] *basis* for treating [them] as confidential information" (ECF 23-2 at 2, ¶ 2) (emphasis added), which Defendant does not do. Indeed, Defendant does not defend the need for trade secret protection in its Reply. For the sake of overall efficiency and to avoid further judicial intervention on this matter, this Court will allow this clause to remain should need later arise to seek confidentiality protection over a non-employment related document.

(2)  The only purpose for which Defendant's proposed order permits use of confidential-designated information is "the preparation and trial of the case." This Court disagrees with Plaintiff that the term prevents her from using such information at the summary judgment motion stage. All pre-trial motions are in preparation for trial (which also is how Defendant construes the provision in its Reply). That term may remain as is.

(3)  Plaintiff's concern about filing too much of the record under seal is legitimate, generally speaking. This Court cautions the parties that the primary purpose of the protective order is to facilitate the exchange of discovery. Should need arise later to submit a document as a briefing exhibit or as trial evidence, the parties shall prepare a publicly accessible version of it (such as by redaction either in compliance with Fed. R. Civ. P. 5.2 or as the circumstance otherwise warrants) in addition to filing the confidential document under some form of restricted access. In other words, the parties shall endeavor to keep litigation as open as possible.

(4)  Section 5 of the proposed protective order says that counsel "shall . . . obtain" from a witness "a written assurance in the form attached as Exhibit A." ECF 21 at 3, ¶ 5. Plaintiff fears that such a mandatory obligation will leave her vulnerable to a witness's refusal to comply. Plaintiff's objection is overruled. Protective orders often require witnesses to agree not to divulge

the confidential information they see during the litigation process. District Judge Kane's version does (ECF 23-2 at 3, ¶ 6) as does the *Zimmerman* version (ECF 23-1 at 3, ¶ 5).

(5)　Paragraph 11 of Defendant's proposed protective order obligates counsel to return all confidential documents to the producing party at the litigation's conclusion. By not keeping a complete client file, Plaintiff's counsel fears running afoul of professional conduct rules, a breach which he "will not voluntarily do." The requirement to return confidential information is another term that is common in protective orders. District Judge Kane's version includes it (ECF 23-2 at 4, ¶ 14) as does the *Prince* version (ECF 23 at 8, ¶ 15). Given that the confidential documents' return would be in compliance with a court order and that the docket sheet would retain the confidential documents submitted into the record (in redacted form and under restricted access as permitted), Plaintiff's objection is overruled.

Having approved all of the disputed terms, Defendant's Motion for Protective Order [filed November 29, 2022; ECF 18] is **granted**. Defendant shall email to Chambers a copy of their proposed protective order (ECF 21) in editable Word format for entry into the record.

Entered and dated at Denver, Colorado, this 23rd day of December, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge